Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard Street, Suite 780
Woodland Hills, CA 91367
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
Attorneys for Plaintiff

Artin Betpera (SBN 244477)
Nadia D. Adams (SBN 270428)
WOMBLE BOND DICKINSON (US) LLP
400 Spectrum Center Drive, Suite 1700
Irvine, CA 92618
Phone: 714-557-3800
Fax: 714-557-3347
Artin.Betpera@wbd-us.com
Nadia.Adams@wbd-us.com
Attorneys for Defendant

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BROWN<br><br>Plaintiff<br><br>v.<br><br>WELLS FARGO BANK, NA, et al.<br><br>Defendant | **Case No.:** 2:20-cv-04401-MWF-JC<br><br>**JOINT 26(F) REPORT**<br><br>**(F.R.C.P. 23 AND L.R. 23-3)**<br><br>Date:       July 13, 2020<br>Time:       11:00 A.M.<br>Courtroom: 5A<br>Judge: Hon. Michael W. Fitzgerald |

Pursuant to Rule 26(f) and the Court's Order Setting Scheduling Conference,

Plaintiff Michael Brown ("Plaintiff") and Defendant Wells Fargo Bank, N.A.

("Defendant"), hereby submit their Joint Rule 26(f) Conference Report after having

met and conferred on the issues contemplated in Rule 26(f) and the Court's Order.

### a.   <u>Statement of the Case</u>

<u>Plaintiff:</u> Plaintiff alleges in January 2020, Defendant Wells Fargo Bank, N.A. ("Wells Fargo") began a barrage of harassing phone calls in an attempt to collect an alleged outstanding debt belonging to Plaintiff Michael Brown ("Plaintiff"). Defendant repeatedly called Plaintiff's phone, ending in -8493, despite Plaintiff orally revoking any existing consent. Despite Plaintiff's revocation, the calls continued in a manner Plaintiff characterizes as harassing. Plaintiff is informed and believes Defendant used an "automatic telephone dialing system" or "ATDS".

Defendant's alleged conduct violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, *et seq.* ("RFDCPA"), the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

<u>Defendant:</u>  Plaintiff is a customer of Wells Fargo and provided the telephone number at issue to Wells Fargo in order to contact him about his Wells Fargo accounts. Wells Fargo called Plaintiff to discuss Plaintiff's account balances. Wells Fargo contends that the calls it allegedly made to Plaintiff's cellular telephone number were made with Plaintiff's consent, and therefore did not violate the TCPA. Moreover, Wells Fargo also denies that Plaintiff effectively revoked his consent for Wells Fargo to call the telephone number at issue through reasonable means.

However, even if the calls were not made with consent, Wells Fargo maintains that the calls would not have violated the TCPA because they were not made with equipment that qualifies as an automatic telephone dialing system within the meaning of the TCPA, 47 U.S.C. § 227(a)(1).  Further, Wells Fargo maintains that the calls were not harassing and not in violation of the FDCPA or the RFDCPA.

### b.   Subject Matter Jurisdiction

The Court has original jurisdiction under 28 U.S.C. § 1331 because it involves a federal question arising under the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. and the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. The Parties do not foresee any jurisdictional challenges at this time.

### c.   Legal Issues

Plaintiff: Plaintiff alleges that Defendant violated the FDCPA by placing repeated calls causing annoyance and harassment to Plaintiff (15 U.S.C. §1692d; Cal. Civ. C. § 1788.11(d), (e)). Plaintiff further alleges Defendant's actions violated the RFDCPA which incorporates these provisions of the FDCPA (Cal. Civ. Code §1788.17).  Moreover, Defendant's conduct also violated the TCPA by using an automatic telephone dialer system to call Plaintiff on his cellular telephone number after revocation of any prior-existing consent (47 U.S.C. §227(b)(A)(iii)).

Defendant:  Wells Fargo contends that the legal issue is that it did not place

repeated, annoying or harassing telephone calls to Plaintiff under the FDCPA, 15 U.S.C. §1692d, or the RFDCPA, Cal. Civ. C. § 1788.11(d), (e) and Cal. Civ. Code §1788.17. Regarding the TCPA, Defendant contends that the legal issues are (1) that Wells Fargo had Plaintiff's prior express consent to contact him at the telephone number at issue; (2) whether any attempted request by Plaintiff for calls to stop was communicated in a manner than constituted effective revocation as to the telephone number at issue; (3) whether any attempted request by Plaintiff for calls to stop was communicated in a manner than constituted effective revocation as to all of Plaintiff's accounts with Wells Fargo; (4) whether Wells Fargo used an "automatic telephone dialing system" as the term is defined in 47 U.S.C. § 227(a)(1); and (5) whether Plaintiff has been damaged.

       **d.**    <u>**Parties, Evidence, etc.**</u>:

<u>Plaintiff:</u>    Plaintiff identifies himself and Defendant's Person Most Knowledgeable regarding Defendant's practices of placing collection calls to alleged debtors, as well as Defendant's policies and procedures regarding compliance with the FDCPA, RFDCPA, and TCPA. Key documents include: documentation regarding the Defendant's policies and practices for placing telephone calls to alleged debtors; documentation regarding Defendant's policies and practices for processing the revocation of consent made by debtors on those calls; and, documentation regarding Defendant's compliance with the FDCPA,

RFDCPA, and TCPA.

Defendant:  As required by the Court's Order Setting Scheduling Conference, for conflict purposes, Defendant identifies the Plaintiff, Wells Fargo Bank, N.A. and its parent company, Wells Fargo & Company.  With respect to witnesses, Defendant identifies its Rule 30(b)(6) person most knowledgeable regarding Plaintiff's accounts with Wells Fargo, its Rule 30(b)(6) person most knowledgeable about the telephone calls to Plaintiff as well as the telephone system(s) Wells Fargo used to call Plaintiff, and Plaintiff. With respect to documents, Defendant identifies Plaintiff's account applications, account agreements, account statements, account notes, Defendant's call logs and Plaintiff's telephone records.

e.   **Damages**

Pursuant to Cal. Civ. Code §1788.30, Plaintiff seeks up to $1,000 in statutory damages, for Defendant's alleged violation of the RFDCPA. Cal. Civ. C. § 1788.30(b).  Pursuant to 15 U.S.C. § 1692k, Plaintiff seeks up to $1,000 for the alleged violation of the federal FDCPA.  Pursuant to the TCPA, Plaintiff seeks $500.00 in statutory damages, for each and every alleged negligent violation, pursuant to 47 U.S.C. § 227(b)(3)(B), and $1,500.00 in statutory damages, for each and every willful violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

**f.**   **Insurance**

The Parties are not aware of any relevant insurance.

**g.**   **Motions**

The Parties do not anticipate any motions to add claims or parties, amend the pleadings or transfer venue, but reserve the right to do so should discovery so require. The Parties anticipate possible dispositive motions at the conclusion of Discovery.

**h.**   **Manual for Complex Litigation**

This matter is not complex.

**i.**   **Status of Discovery**

Defendant and Plaintiff have not yet initiated Discovery but have met and conferred about the information and documentation that each party possesses, and the information and documentation it will request the other side to produce in this matter.   The Parties have agreed to exchange Initial Disclosures no later than Monday, August 3, 2020.

**j.**   **Discovery Plan**

The parties do not believe that discovery should be conducted in phases or limited except as provided by the Federal Rules of Civil Procedure.

Plaintiff:  Plaintiff's written discovery will consist of interrogatories, requests for production, and requests for admissions.   Plaintiff needs discovery on the

following subjects: Defendant's policies and practices for placing telephone calls to alleged debtors; documentation regarding Defendant's policies and practices for processing the revocation of consent made by debtors on those calls; and, documentation regarding Defendant's compliance with the FDCPA, RFDCPA, and TCPA. Plaintiff also intends to depose the Defendant's PMK.

Defendant: Defendant's written discovery will consist of interrogatories, requests for production, and requests for admissions as well as a subpoena for Plaintiff's telephone records.  Defendant needs discovery on the alleged manner of revocation of consent to be called as well as the alleged harassing nature of the telephone calls from Wells Fargo to Plaintiff. Wells Fargo intends to depose Plaintiff.

**k.    Discovery Cut-off**

The parties propose a non-expert discovery cut-off date of April 13, 2021.

**l.    Expert Discovery**

The parties propose March 23, 2021 as the initial expert disclosure deadline, April 6, 2021 as the rebuttal expert disclosure deadline, and May 11, 2021 as the expert discovery cut-off date.

**m.    Dispositive Motions**

At this time, Plaintiff does not anticipate filing any dispositive motions but reserves the right to do so if discovery reveals the basis for such a motion.

Defendant anticipates filing a dispositive motion prior to the Motion Hearing Deadline as set herein.

### n.  **Settlement/Alternative Dispute Resolution**

Parties are engaged in early discussions of the facts in the case. The parties are further amenable to a Court Panel and/or Magistrate Judge for the purposes of resolution.

### o.  **Trial Estimate**

Plaintiff anticipates a trial of 3 days.  Defendant anticipates a trial of 1-2 days. Plaintiff requests a jury trial.

### p.  **Trial Counsel**

Plaintiff will be represented by Todd M. Friedman at trial. Defendant will be represented by Artin Betpera at trial.

### q.  **Independent Expert or Master**

The parties do not anticipate the need for appointment of an independent expert or master in this matter.

### r.  **Timetable**

The requested Schedule of Pretrial and Trial Dates has been attached at the end of the report as Exhibit A.

### s.  **Other Issues**

The parties do not foresee any abnormal issues at this time.

JUDGE MICHAEL W. FITZGERALD
<u>SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET</u>

CASE NAME: MICHAEL BROWN V WELLS FARGO BANK, NA

CASE NO: 2:20-cv-04401-MWF-JC

| Matter | Plaintiff(s) Request | Defendant(s) Request | Court Order |
|---|---|---|---|
| [X] Jury Trial *or* [   ] Court Trial<br>  (Tuesday at 8:30 a.m.)    Duration Estimate: Plaintiff anticipates <u>3 days. Defendant anticipates 1-2 days.</u> | 08/17/2021 | 08/17/2021 | |
| Final Pretrial Conference [L.R. 16] and Hearing on Motions *in limine*<br>(Monday at 11:00 a.m. – <u>three (3) weeks before trial date</u>)<br><br>Motions *In Limine* must be filed <u>three (3)</u> weeks before this date; Oppositions are due <u>two (2) weeks</u> before this date, no reply briefs | 07/27/2021 | 07/27/2021 | |

| Event | Weeks Before Trial | Plaintiff(s) Request | Defendant(s) Request | Court Order |
|---|---|---|---|---|
| Last Date to Hear Motion to Amend Pleadings / Add Parties | | 10/16/2020 | 10/16/2020 | |
| Non-Expert Discovery Cut-Off (at least 4 weeks Before last date to hear motions) | 18 | 4/13/2021 | 4/13/2021 | |
| Expert Disclosure (Initial) | | 3/23/2021 | 3/23/2021 | |
| Expert Disclosure (Rebuttal) | | 4/6/2021 | 4/6/2021 | |
| Expert Discovery Cut-off | 14* | 5/11/2021 | 5/11/2021 | |
| Last day to *Hear* motions (Monday at 10:00 a.m.) | 14 | 5/11/2021 | 5/11/2021 | |
| Last Date to Conduct Settlement Conference | 12 | 5/25/2021 | 5/25/2021 | |
| <u>For Jury Trial</u><br>  • File Memorandum of Contentions of Fact and Law, L.R. 16-4<br>  • File Exhibit and Witness Lists, L.R. 16-5.6<br>  • File Status Report Regarding Settlement<br>  • File Motions *In Limine* | 6 | 07/06/2021 | 07/06/2021 | |
| <u>For Jury Trial</u><br>  • Lodge Pretrial Conference Order, L.R. 16-7<br>  • File Agreed Set of Jury Instructions and Verdict Forms<br>  • File Statement Regarding Disputed Instructions, Verdicts, etc.<br>  • File Oppositions to Motions *In Limine* | 5 | 7/13/2021 | 7/13/2021 | |

ADR [LR 16-15] Selection:

[X] Attorney Settlement Officer Panel    Private Mediation    [X] Magistrate Judge (with Court Approval)

**26F REPORT**

1 | Dated: June 29th, 2020                    Respectfully submitted,

2 |                              LAW OFFICES OF TODD M. FRIEDMAN, P.C.

3 |                                             By:*/s/Todd M. Friedman*
4 |                                             Todd M. Friedman, Esq.
5 |                                             Attorney for Plaintiff

6 |

7 |                                             By: */s/ Nadia D. Adams*
8 |                                             Nadia Adams, Esq.
9 |                                             Attorney for Defendant

## <u>SIGNATURE CERTIFICATION</u>

Pursuant to Section 2(f)(4) of the Electronic Filing Administrative Policies and Procedures Manual, I hereby certify that the content of this document is acceptable to counsel for Defendant, and that I have obtained her authorization to affix her electronic signature to this document.

Dated: June 29th, 2020                    Respectfully submitted,

Law Offices of Todd M. Friedman, P.C.

By: <u>s/ Todd M. Friedman</u>
Todd M. Friedman, Esq.
Attorney for Plaintiff

## <u>CERTIFICATE OF SERVICE</u>

Filed electronically on this 29th Day of June, 2020, with:

United States District Court CM/ECF system

Notification sent electronically via the Court's ECF system to:

Honorable Judge Michael W. Fitzgerald
United States District Court
Central District of California

And all Counsel of Record as Recorded on the Electronic Service List.

This 29th Day of June, 2020

<u>s/Todd M. Friedman, Esq.</u>
Todd M. Friedman